# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JAYDEEN C. DELA CRUZ, | CIVIL CASE NO. 16-00061 |
| Plaintiff, | |
| vs. | **DECISION AND ORDER** |
| GGFCU THE PEOPLE'S BANK GOVERNMENT OF GUAM EMPLOYEES FEDERAL CREDIT UNION, | |
| Defendant. | |

Before the court is Plaintiff's Application to Proceed without Prepaying Fees or Costs ("Application"). *See* ECF No. 2. Based on her Application, it appears that Plaintiff is qualified to proceed *in forma pauperis*, without paying the necessary fees, since she has stated in her Application that she has no income. *Id*. However, upon review of Plaintiff's Complaint, the court hereby **DENIES** the Application and hereby **DISMISSES** this case.

**I.     Discussion**

The court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening, and order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27

1

(9th Cir. 2000) (*en banc*) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim).

Plaintiff has filed a Complaint for Employment Discrimination against the Defendant which appears mostly unintelligible. The court, however, has managed to review the Plaintiff's complaint and finds that it does not have jurisdiction to hear her claim.

This court has federal question jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. *See* 18 U.S.C. § 1331. In her Complaint, under the "Basis for Jurisdiction" section, Plaintiff has marked the following boxes: Title VII of the Civil Rights Act of 1964, Age Discrimination in Employment Act of 1967, and Americans with Disabilities Act of 1990. *See* ECF No. 1, at 4. However, in order to bring a suit in federal court under these federal statutes, Plaintiff must have first obtained a Notice of Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC"). According to the Complaint, EEOC has not issued Plaintiff a Notice of Right to Sue letter. *Id.* at 6. Without said letter, Plaintiff has failed to exhaust her administrative remedies, and thus this court has no jurisdiction over said federal claims. Any amendments to the Complaint would be futile given that Plaintiff has not exhausted her administrative remedies. *See Rodriguez v. Steck*, 795 F.3d 1187, 1188 (9th Cir. 2015); *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

## II.   Conclusion

Based on the foregoing, Plaintiff's Application is hereby **DENIED**, and the above-captioned matter is hereby **DISMISSED**.

**SO ORDERED.**



/s/ **Frances M. Tydingco-Gatewood**
　　**Chief Judge**
　　Dated: Mar 29, 2017